UNITED STATES OF AMERICA

v.                                        CASE NO.: 8:24-cr-567-KKM-AEP

JONATHAN LEE BECKETT

### MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY REGARDING DEFENDANT BECKETT'S MENTAL CONDITION

The United States of America, hereby files the following motion to Exclude Expert Testimony Regarding Defendant Beckett's Mental Condition.

### PROCEDURAL BACKGROUND

On December 30, 2024, the United States Attorney charged defendant Beckett with an information alleging a violation of 18 U.S.C. § 111(a)(1). Doc. 14. The charged offense relates to an incident at Port Tampa Bay aboard the cruise ship Margaretville at Sea Islander, which was docked there on November 29, 2024. After defendant Beckett successfully debarked from the Margaritaville at Sea Islander and cleared the Federal Inspection Area[1], he ran back onto the cruise ship and was stopped by officers of United States Customs and Border Protection ("CBP") and cruise ship employees who had given pursuit. Defendant Beckett refused to comply with the lawful orders of the CBP officers and a struggle ensued during which

---

[1] A Federal Inspection Area ("FIA") or Federal Inspection Services ("FIS") area at a seaport function as the point of entry and exit for passengers and crew on cruise ships that travel internationally. It is where U.S. Customs and Border Protection officers conduct inspections to ensure compliance with immigration, customs, and other laws.

defendant Beckett attempted to strike one of the CBP officers.   Defendant Beckett was arrested, escorted off the vessel, and taken into custody.

On April 18, 2025, defendant Beckett, through counsel, provided a copy of a forensic psychological report ("the Forensic Report") authored by Dr. Amy L. Gambow, to the United States.   Counsel for defendant Beckett stated that the report found that Beckett "was suffering from the initial onset of a psychological break" during the charged conduct and requested the United States to consider pre-trial diversion to resolve the matter.[2]

As of the filing of the instant motion *in limine*, defendant Beckett has not provided proper notice under Fed. R. Crim. P. 12.2(a) or 12.2(b) of his intent to assert the defense of insanity at the time of the alleged offence or his intent to introduce expert evidence relating to a mental disease or defect or any other condition of the defendant relating to the issue of guilt.   The United States moves to exclude defendant Beckett's anticipated expert testimony relating to insanity or his mental condition at the time of the charged offenses.

### MEMORANDUM OF LAW

1. **Defendant Beckett has not provided proper notice of his intent to introduce evidence of his mental condition.**

Fed. R. Crim. Pro. 12.2(b) provides as follows:

"if a defendant intends to introduce expert evidence relating to a

---

[2] The undersigned requested approval of a pre-trial diversion offer for defendant Beckett which was rejected by the U.S. Attorney's Office.

mental disease or defect or any other mental condition of the defendant bearing on…the issue of guilt…the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders."

Per the Advisory Committee Notes, Rule 12.2 is designed to require the defendant to give notice prior to trial of his intention to either: (1) rely on the defense of insanity or (2) introduce expert testimony of a mental disease or defect on the theory that said mental condition is inconsistent with the mental state required to commit the charged offense. *See* Fed. R. Crim. P. 12.2. The objective is to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony. *See id.* Failure to give advance notice commonly results in the necessity for a continuance in the middle of trial thus delaying the administration of justice. *See id.* As a remedy for failure to provide notice pursuant to Fed. R. Crim. Pro. 12.2(b), a court may exclude the proposed expert testimony regarding the defendant's mental condition. *See* Fed. R. Crim. Pro. 12.2(d)(1).

According to the Forensic Report, Dr. Gambow's diagnostic impression of defendant Beckett includes "unspecified schizophrenia spectrum and other psychotic disorder versus unspecified bipolar disorder with a history of attention deficit hyperactivity disorder." The Forensic Report documents that defendant Beckett has a "recent history of psychotic symptoms" which include auditory hallucinations, delusional beliefs, and thought disorganization, and were present "at the time of his arrest." The Forensic Report does not elaborate on the extent to which the presence of said psychotic symptoms affected defendant Beckett's ability to form intent and knowingly and willfully commit the charged offense. It is also unclear from the Forensic Report whether Dr. Gambow will testify that defendant Beckett lacked the *mens rea* for crime charged or whether such expert testimony would trigger the inclusion of an insanity defense instruction to the jury.

Indeed, because an expert's proffered psychiatric testimony could both negate *mens rea* and provide support for an insanity defense, which would be admissible only if accompanied by an insanity defense instruction, proper notice must be provided to the United States. *See United States v. Westcott*, 83 F.3d 1354, 1356 (11th Cir. 1996). In *Westcott,* the district court held a pre-trial hearing on a motion to exclude expert testimony relating to the defendant's mental state. The court determined that allowing the defendant to present the expert's testimony only to negate *mens rea* would contravene the requirements of the Insanity Defense Reform Act because the proffered testimony did not only relate to *mens rea*, it also related to the definition of

4

insanity. *Id* at 1359. Therefore, the district court found that permitting the expert's testimony solely on the issue of *mens rea* would allow the defendant to present an insanity defense while avoiding the corresponding burden of proof for that affirmative defense. *Id.*

The trial in this case is currently set to commence on August 18, 2025. In light of the very short time frame and the lack of information available to the United States, the United States is unable to rebut the anticipated expert testimony with its own expert testimony regarding the nature of the mental disease at issue, or to meaningfully test the veracity of the conclusions of defendant Beckett's expert.

**2. Defendant Beckett's proposed expert testimony may fail to meet the admissibility standards in Fed. R. Evid. 702 and *Daubert*.**

The admission of expert testimony is governed by Fed. R. Evid. 702, which essentially codifies the Supreme Court's standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Fed. R. Evid. 702 provides the following:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:

(a)     the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)     the testimony is based on sufficient facts of data;

(c)     the testimony is the product of reliable principles and methods; and

(d)     the expert has reliably applied the principles and methods to the facts of

the case.

"The gatekeeper role, however, is not intended to supplant the adversary system or the role of the jury: 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1311. "The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Id.* "…[A] district court's exercise of its gatekeeping responsibilities must not supplant the adversary system or the role of the jury." *United States v. Frazier*, 387 F.3d 1244, 1272 (11th Cir. 2004).

Additionally, Fed. R. Evid. 403 provides that evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Here, based on the Forensic Report, the government anticipates that defendant Beckett will introduce testimony from Dr. Gambow or his mother that he suffered from undiagnosed and untreated "mental health struggles" in his early life, which possibly manifested again on the date of the incident. However, as noted *supra*, the Forensic Report is unclear as to which of those conditions were present at the time of the arrest and whether it affected his ability to knowingly and willfully commit the charged crime.

If Dr. Gambow cannot opine, to a reasonable degree of medical certainty, that defendant Beckett suffered from a mental disorder at the time of the alleged offense, and that the mental disorder negated the *mens rea* of the offense, the Dr. Gambow's testimony should be excluded pursuant to Fed. R. Evid. 403. Expert testimony short of this key inquiry has little probative value, and the expert's speculation carries a significant risk of confusion of the issues and misleading the jury.

## CONCLUSION

The United States respectfully requests the Court exclude defendant Beckett's proposed expert testimony, and if necessary, hold a hearing to further develop the nature, content and basis of the proposed expert testimony.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: _____

David W.A. Chee
Assistant United States Attorney
Florida Bar No. 109659
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Chee@usdoj.gov

**U.S. v. Jonathan Lee Beckett**     **Case No. 8:24-cr-547-KKM-AEP**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2025, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Samuel P. Landes, Esq.

_____
David W.A. Chee
Assistant United States Attorney
Florida Bar No. 109659
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: David.Chee@usdoj.gov